## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **HERBERT EDWARD HUTCHINS and** | ) | **Case No. 12-24579 HRT** |
| **DEBORAH BETH MACKALL,** | ) | **Chapter 13** |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| **HERBERT HUTCHINS and** | ) | **Adversary No. 12-1564 HRT** |
| **DEBORAH MACKALL,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **JPMORGAN CHASE BANK, National** | ) | |
| **Association,** | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CONSTRUING ADVERSARY COMPLAINT
## AS AN OBJECTION TO PROOF OF CLAIM AND
## DISMISSING ADVERSARY COMPLAINT

This case comes before the Court on Defendant's *Motion to Dismiss Plaintiffs' Complaint* (docket #7) (the "Motion").

Federal courts generally strive to avoid elevating form over substance in order to give the inartfully drawn pleadings of pro se parties a full and fair hearing on the merits. Thus, the Court holds the Plaintiff's Complaint to less stringent standards than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Regardless of form, the Plaintiffs' primary complaint is clear enough. On October 4, 2002, Plaintiffs executed a Note to Affiliated Financial Group, Inc. ("Affiliated"). At the same time, Plaintiffs executed a Deed of Trust to Affiliated, pledging their real property at 3611 South Newport Way, Denver, Colorado, (the "Property") as security for repayment of the Note. Plaintiffs argue that JPMorgan Chase Bank, N.A., ("Chase") is not the proper party to enforce the Note and Deed of Trust. They base their argument on their belief that transfers of the Note and/or Deed of Trust, occurring subsequent to the execution of those documents, have not been effective to make Chase the proper party in interest to enforce the obligation on the Note or the lien of the Deed of Trust.

ORDER CONSTRUING ADVERSARY COMPLAINT
AS AN OBJECTION TO PROOF OF CLAIM AND
DISMISSING ADVERSARY COMPLAINT
Adversary No. 12-1564 HRT

Plaintiffs' theory is straightforward. The elements of proof that will demonstrate either that Chase is the proper party in interest or that a different party is the appropriate party to enforce the Note and Deed of Trust are not complicated. What all of this amounts to is an objection to Chase's proof of claim that it filed in the Plaintiffs' main bankruptcy case.

However, along with arguments going to whether or not the Chase proof of claim is allowable in their main bankruptcy case, Plaintiffs also seem to be attempting to plead tort-like damages claims. But, to the extent that Plaintiffs seek an award of damages from Chase, in addition to challenging it's claim, the Court will abstain from hearing any damages claims.

Bankruptcy Courts are courts of limited jurisdiction. The financial rehabilitation of individuals and businesses; the determination of creditor claims filed in the associated bankruptcy cases; and the determination of rights in bankruptcy estate property are all matters that fall squarely within this Court's jurisdiction. Tort type state law damages claims by debtors against their creditors are much less frequently matters that are properly addressed within a bankruptcy proceeding. *See, e.g., Stern v. Marshall*, 131 S.Ct. 2594 (2011) (where the Supreme Court held that the bankruptcy court lacked jurisdiction to adjudicate a debtor's counterclaim to the creditor's proof of claim).

The Plaintiffs refer to their causes of action as follows:

1.    Illegal and Fraudulent Conveyance
2.    Illegal and Fraudulent Foreclosure
3.    Fraudulent Unfair and Deceptive Business Practices
4.    Slander of Title

The Court construes Plaintiffs' first cause of action, denominated as Illegal and Fraudulent Conveyance, as an objection to Chases' proof of claim and will address that objection in the normal course of the Plaintiffs' chapter 13 bankruptcy proceeding. An actual cause of action for fraudulent conveyance is an action against a debtor for transferring property in derogation of a creditor's rights. Nothing in the Plaintiffs' Complaint or in the pleading of their first cause of action alleges facts supporting the elements of a fraudulent conveyance claim. The Court will dismiss that cause of action from this adversary proceeding but will address the arguments presented in this cause of action in the context of a claim objection hearing in the main bankruptcy case.

The concerns expressed in Plaintiffs' second cause of action, Illegal and Fraudulent Foreclosure, so far as the Court can tell, are indistinguishable from issues discussed in the first cause of action and will be addressed in the same manner – at a claim objection hearing. Even if the Plaintiffs had effectively pled a wrongful foreclosure cause of action, and such a cause of

ORDER CONSTRUING ADVERSARY COMPLAINT
AS AN OBJECTION TO PROOF OF CLAIM AND
DISMISSING ADVERSARY COMPLAINT
Adversary No. 12-1564 HRT

action were viable in the state of Colorado, it would constitute a damages claim and the Court
will abstain from hearing any damages claims in connection with this case.

The Plaintiffs' third and fourth causes of action, Fraudulent Unfair and Deceptive
Business Practices and Slander of Title, also constitute damages claims from which the Court
will abstain.

A bankruptcy court may abstain "from hearing a particular proceeding arising under title
11 or arising in or related to a case under title 11" whenever it finds that it is appropriate to do so
"in the interest of justice, or in the interest of comity with State courts or respect for State law."
11 U.S.C. § 1334(c)(1).

In its prior case of *In re Schempp Real Estate, LLC*, 303 B.R. 866 (Bankr. D. Colo.
2003), the Court detailed the factors that courts examine in order to determine whether or not it
is appropriate to abstain from adjudicating a particular matter:

1.  the effect or lack thereof on the efficient administration of the estate if a Court
    recommends abstention;
2.  the extent to which state law issues predominate over bankruptcy issues;
3.  the difficulty or unsettled nature of the applicable law;
4.  the presence of a related proceeding commenced in state court or other
    nonbankruptcy court;
5.  the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
6.  the degree of relatedness or remoteness of the proceeding to the main bankruptcy
    case;
7.  the substance rather than form of an asserted "core" proceeding;
8.  the feasibility of severing state law claims from core bankruptcy matters to allow
    judgments to be entered in state court with enforcement left to the bankruptcy
    court;
9.  the burden of [the bankruptcy court's] docket;
10. the likelihood that the commencement of the proceeding in bankruptcy court
    involves forum shopping by one of the parties;
11. the existence of a right to a jury trial;
12. the presence in the proceeding of nondebtor parties;
13. the interests of comity with state courts; and
14. the possibility of prejudice to other parties.

*Id*. at 876 (citations omitted).  The Court will address the factors in order.

ORDER CONSTRUING ADVERSARY COMPLAINT
AS AN OBJECTION TO PROOF OF CLAIM AND
DISMISSING ADVERSARY COMPLAINT
Adversary No. 12-1564 HRT

1.     *The effect or lack thereof on the efficient administration of the estate if a court recommends abstention.*

No creditors, other than Chase, appear on the Plaintiffs' schedules in their main bankruptcy case.  The proper party in interest issue, which is appropriately characterized as an objection to the Chase proof of claim, can and will be adjudicated in this Court.  But, because of the lack of other creditors, to allow the related damages claims to be adjudicated in the state court instead of the bankruptcy court, has little or no potential effect on administration of the Plaintiffs' bankruptcy case.

2.     *The extent to which state law issues predominate over bankruptcy issues.*

Any damages claims the Plaintiffs may have with respect to Chase's claimed interest in their Property are purely state law based matters.

3.     *The difficulty or unsettled nature of the applicable law.*

The Court does not regard this as a significant factor.

4.     *The presence of a related proceeding commenced in state court or other non-bankruptcy court.*

Prior to the bankruptcy filing, Chase had commenced a foreclosure proceeding under state law and a Rule 120 hearing was held in the state court.

5.     *The jurisdictional basis, if any, other than 28 U.S.C. § 1334.*

Section 1334 forms the only apparent basis for federal jurisdiction over these matters.

6.     *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case.*

The only matter of significance to the Plaintiffs' efforts to reorganize under chapter 13 is whether or not Chase is a proper claimant with respect to the Note and Deed of Trust upon which Chase bases its claim.  Under other circumstances, a damages claim might provide a source of funding for priority or unsecured creditors, but the Plaintiffs' bankruptcy schedules reveal no such creditors and the Court finds that the relationship of the damages claims to the bankruptcy proceeding is remote at best.

7.     *The substance rather than form of an asserted "core" proceeding.*

The damages claims are not core bankruptcy matters and the Plaintiffs have made no such assertion.

8.     *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court.*

Since the validity of Chases' claim is the only matter of interest in the bankruptcy proceeding, the damages claims are easily severed in order to allow them to be prosecuted in the state court.

ORDER CONSTRUING ADVERSARY COMPLAINT
AS AN OBJECTION TO PROOF OF CLAIM AND
DISMISSING ADVERSARY COMPLAINT
Adversary No. 12-1564 HRT

9.      *The burden of [the Bankruptcy Court's] docket.*
        The Court does not regard this as a significant factor.

10.     *The likelihood that the commencement of the proceeding in Bankruptcy Court involves forum shopping by one of the parties.*
        It appears highly likely to the Court that the Plaintiffs are forum shopping. Chase's right to foreclose on the Plaintiffs' Property is purely a matter of state law. The most logical response to a state law foreclosure action, where the property owner believes in good faith that the foreclosing creditor is not the proper party to bring the foreclosure, is to seek injunctive relief in the state court. Instead, the Plaintiffs have filed a bankruptcy reorganization case and invoked the automatic stay in bankruptcy in an apparent effort to litigate a purely two-party state law based dispute in a federal forum.

11.     *The existence of the right to a jury trial.*
        This is difficult to nail down because, assuming that the Plaintiffs do have viable damages claims against Chase, the precise nature of those claims is unclear.

12.     *The presence in the proceeding of nondebtor parties.*
        Other than Chase, no nondebtor parties are involved.

13.     *The interests of comity with state courts.*
        The interest of comity with the state courts strongly supports the Court's abstention. The Plaintiffs' dispute is governed solely by state law. The foreclosure was commenced under state law. The Plaintiffs sought a Rule 120 hearing in a Colorado court. Except for the claim allowance matter that is central to the bankruptcy case, the state courts should be allowed to adjudicate any damages issues. Jurisdiction over these matters is a matter of state law only and the question of federal jurisdiction over those damages claims would not even arise except for the filing of the bankruptcy case.

14.     *The possibility of prejudice to other parties.*
        This is purely a two-party dispute. No party will be prejudiced by the Court's decision to abstain from hearing damages claims related to the Chase foreclosure.

The Court will abstain from hearing any damages claims in connection with this matter. After having considered the above abstention factors, the Court finds that virtually all of the relevant factors weight in favor of abstention. Chief among the relevant factors are: 1) the federal courts' duty of comity to the state court systems; 2) the fact that the dispute represents a matter governed solely by state law over which federal courts could not normally even exercise jurisdiction; 3) the appearance that the filing of the bankruptcy case represents an effort to move

ORDER CONSTRUING ADVERSARY COMPLAINT
AS AN OBJECTION TO PROOF OF CLAIM AND
DISMISSING ADVERSARY COMPLAINT
Adversary No. 12-1564 HRT

a state law dispute into a federal forum; and 4) the remote relationship of any damages claim to the Plaintiffs' efforts to reorganize their affairs under the Bankruptcy Code.

Therefore, in accordance with the above discussion, it is

**ORDERED** that Defendant's *Motion to Dismiss Plaintiffs' Complaint* (docket #7) is GRANTED and this adversary case is hereby DISMISSED.  It is further

**ORDERED** that by separate order, to be entered in the Plaintiffs' main bankruptcy case, the Court will schedule an evidentiary hearing on the validity of Claim No. 3-1, filed by JPMorgan Chase Bank, N.A., on October 3, 2012, in Case No. 12-24579 HRT.

Dated this __24th__ day of October, 2012.

BY THE COURT:

Howard R. Tallman, Chief Judge
United States Bankruptcy Court

Page 6 of 6